1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LINDSEY TAYLOR HOPE,

Plaintiff,

v.

CAROLYN W. COLVIN,

Defendant.

Case No.  5:13-cv-02240-HRL

**INTERIM ORDER RE MOTION FOR ATTORNEY'S FEES**

Re: Dkt. No. 31

Lindsey Taylor Hope filed this action, seeking judicial review of the Commissioner's decision denying her application for Supplemental Security Income under Title XVI of the Social Security Act.  The parties subsequently stipulated to remand the matter.  Upon remand, this court is told that the Commissioner awarded Hope past-due benefits.

Linda Ziskin, Lindsey Hope's counsel, moves for an award of fees for work performed by herself and by Hope's other attorney, Cynthia Starkey.[1]  The Commissioner filed a statement purportedly taking no position as to the reasonableness of the requested fee, but noting several factors for the court's consideration.[2]  First, the Commissioner points out that there is no

---

[1] The motion is based on 42 U.S.C. § 406(b), which governs fee awards in cases concerning claims for disability benefits under Title II of the Social Security Act.  Nevertheless, Title XVI of the Act "incorporates § 406(b) by reference and applies in largely the same manner."  Mellon v. Astrue, No. C06-0638 EMC, 2008 WL 512720 at *1 (N.D. Cal., Feb. 25, 2008) (citing 42 U.S.C. § 1383(d)(2)).

[2] The Commissioner has no direct financial stake in the motion for fees, but instead "plays a part

1   indication that the fees motion was served on Hope.  Second, the Commissioner notes that, while

2   counsel claims to have spent approximately 31 hours on this matter, the documents appended to

3   the motion show only that Starkey spent 2.6 hours on this case.  Third, the Commissioner observes

4   that there are no declarations authenticating the documents submitted in support of the motion.  In

5   reply, Ziskin "declares, under penalty of perjury" that a document appended to the reply brief

6   shows the time she spent on this matter.  Additionally, Ziskin says that a copy of the motion

7   papers was mailed to Hope in the ordinary course of business, but otherwise argues that there is no

8   authority requiring service of the papers on Hope or the submission of formal declarations in

9   support of the fees motion.

10      The Commissioner's observations are well taken.  Courts in this district require service of

11  these kinds of motions on the claimants.  See, e.g., Cunningham v. Astrue, No. 3:10-cv-04313-LB,

12  2015 WL 6694097 at *1 (N.D. Cal., Nov. 3, 2015) (requiring counsel to serve his motion for fees

13  on the claimant); Atkins v. Astrue, No. C 10-0180 PJH, 2012 WL 5350265, at *5 (N.D. Cal. Oct.

14  29, 2012) (describing counsel's failure to show that the plaintiff received notice of the fees motion

15  as a "deficiency" and denying the motion partly for this reason).  Cf. Dellapietra v. Colvin, No.

16  11-cv-04697-JCS, 2013 WL 5863017, at *1 (N.D. Cal. Oct. 30, 2013) (noting that the plaintiff's

17  counsel served the motion for fees on the plaintiff and that the plaintiff did not appear or file any

18  objection to the motion).  Additionally, courts have required supporting declarations, see

19  Cunningham, 2015 WL 6694097 at *1, which are particularly important for these types of motions

20  that hinge almost entirely on the submitted exhibits.

21      Accordingly, no later than September 16, 2016, Hope's counsel must file declaration(s)---

22  whether by Starkey, Ziskin, or a different declarant---(1) attesting to service of the motion papers

23  and all supporting briefs and exhibits on Hope and (2) sufficiently authenticating the exhibits

24

25

26

27

28

_United States District Court_
_Northern District of California_

---

in the fee determination resembling that of a trustee for the claimants."  Gisbrecht v. Barnhart, 535
U.S. 799, 798 n.6 (2002); see also Crawford v. Astrue, 586 F.3d 1142, 1144 n.2 (9th Cir. 2009)
(same).

1    submitted in support of the motion.

2         SO ORDERED.

3    Dated:   September 6, 2016

4

5    _____

6    HOWARD R. LLOYD
     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3

5:13-cv-02240-HRL Notice has been electronically mailed to:

Alex Gene Tse      alex.tse@usdoj.gov, kathy.terry@usdoj.gov, USACAN.SSA@usdoj.gov

April A. Alongi      april.alongi@ssa.gov, sf.ogc.ndca@ssa.gov

Cynthia Gail Starkey      cynthia@cynthiastarkey.com, loretta@cynthiastarkey.com

Jacob Mikow      jacob.mikow@ssa.gov, april.alongi@ssa.gov, sf.ogc.ndca@ssa.gov

Linda Susan Ziskin      ziskinlaw@comcast.net, linda@ziskinlawoffice.com