UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINDSEY TAYLOR HOPE,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | Case No. 5:13-cv-02240-HRL<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 31 |

Lindsey Taylor Hope filed this action, seeking judicial review of the Commissioner's decision denying her application for Supplemental Security Income under Title XVI of the Social Security Act. In these federal court proceedings, she has been represented by attorneys Cynthia Starkey and Linda Ziskin.

The parties stipulated to remand the matter. On March 20, 2014, the court entered that stipulation as an order and issued a judgment to that effect that same day. (Dkts. 27, 28).

The parties subsequently filed a stipulation that plaintiff's counsel be awarded $4,800.00 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The court entered an order approving that stipulation. (Dkt. 30).

On remand, the Commissioner calculated past-due benefits of $34,436.00. (Dkt. 31-3 at ECF p. 3). Pursuant to a contingent fee agreement between Hope and Starkey, fees for an appeal to federal court would be either 25% of Hope's past-due benefits (i.e., $8,609.00) or the amount of

EAJA fees awarded to her counsel (i.e., $4,800.00), whichever sum was greater. (Dkt. 31-2 at ECF p. 1).[1]

Hope's counsel now moves for a fee award of 25% of plaintiff's past-due benefits, less the EAJA fees previously awarded---for a total award of $3,809.00. The Commissioner filed a statement taking no position as to the reasonableness of the requested fee, but noting several factors for the court's consideration pertaining to service of the papers on Hope and authentication of the exhibits submitted by Hope's counsel. This court issued an interim order directing plaintiff's counsel to submit declaration(s) attesting to service of the motion and all supporting papers on Hope and sufficiently authenticating the exhibits submitted in support of the motion. (Dkt. 34).

Ziskin has filed a declaration pursuant to the court's interim order. In it, she states that she believes all motion papers were served on plaintiff at the time the motion was filed. Nevertheless, counsel avers that another copy of the papers was mailed to Hope on September 7, 2016 and that those papers were delivered by the Post Office on September 9, 2016. (Dkt. 35, Ziskin Decl. ¶ 1). The court has not received any response or objection from Hope.

The matter is now deemed submitted and is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons stated below, the motion for fees is granted.

Title XVI of the Social Security Act provides that attorney's fees may be awarded to a successful claimant's lawyer for his representation in court. 42 U.S.C. § 1383(d)(2). The present motion is based on 42 U.S.C. § 406(b), which governs fee awards in cases concerning claims for disability benefits under Title II of the Social Security Act. Nevertheless, Title XVI "incorporates § 406(b) by reference and applies in largely the same manner." Mellon v. Astrue, No. C06-0638 EMC, 2008 WL 512720 at *1 (N.D. Cal., Feb. 25, 2008) (citing 42 U.S.C. § 1383(d)(2)).

The court must review counsel's request for fees "as an independent check" to ensure that the contingency fee agreement will "yield reasonable results in particular cases." Gisbrecht v.

---

[1] In that same agreement, Hope also agreed that Starkey could employ or associate another attorney as co-counsel and that any such attorney could be designated to act as Hope's representative in this matter. (Id.).

Barnhart, 535 U.S. 789, 807 (2002).  In determining a reasonable fee award, the district court "must respect 'the primacy of lawful attorney-client fee agreements,'" by "'looking first to the contingent-fee agreement, then testing it for reasonableness.'"  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. 789 at 793, 808).  A fee based on a contingent-fee agreement is unreasonable and subject to reduction "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'"  Id. (quoting Gisbrecht, 535 U.S. at 808).  "The attorney bears the burden of establishing that the fee sought is reasonable."  Id.  Additionally, a fee award is offset by any award of EAJA fees.  Thus, "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee."  Gisbrecht, 535 U.S. at 796 (citation omitted).

The court finds that the amount of fees sought is reasonable.  The fee agreement between Hope and her counsel is within the statutory ceiling set by the Social Security Act.  As discussed above, the Commissioner agreed that this matter should be remanded, and on remand Hope was awarded past-due benefits.  Hope's counsel spent a total of 31 hours on this matter, yielding an hourly rate of $277.71 based on the full 25% award of $8,609.00.  (Dkt. 31-2 at ECF p. 2; Dkt. 33-1; Dkt. 35).  Plaintiff's attorneys point out that the hourly rate is even lower (i.e., $122.87) based on the actual $3,809.00 being requested---a rate that they represent is below the approved Ninth Circuit hourly rate of approximately $190 for EAJA fees.  Although plaintiff requested a number of extensions for briefing deadlines, there is no indication that counsel provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits.  The court concludes that the requested fees are reasonable and do not constitute a windfall.

Based on the foregoing, the motion for attorney's fees is GRANTED.  The Commissioner is directed to certify fees in the amount of $8,609.00 payable to the following:   Cynthia G. Starkey, Law Offices of Cynthia G. Starkey, 1153 Saratoga Avenue, San Jose, CA 95129.  Hope's

3

1  counsel is ordered to refund the previously awarded EAJA fees, in the amount of $4,800.00, to
2  Hope.
3      SO ORDERED.
4  Dated:   October 7, 2016

HOWARD R. LLOYD
United States Magistrate Judge

4

5:13-cv-02240-HRL Notice has been electronically mailed to:

Alex Gene Tse     alex.tse@usdoj.gov, kathy.terry@usdoj.gov, USACAN.SSA@usdoj.gov

April A. Alongi     april.alongi@ssa.gov, sf.ogc.ndca@ssa.gov

Cynthia Gail Starkey     cynthia@cynthiastarkey.com, loretta@cynthiastarkey.com

Jacob Mikow     jacob.mikow@ssa.gov, april.alongi@ssa.gov, sf.ogc.ndca@ssa.gov

Linda Susan Ziskin     ziskinlaw@comcast.net, linda@ziskinlawoffice.com